UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO._____

ALIETTE EXANTUS,

      Plaintiff,

vs.

FIESTA RESTAURANT GROUP, INC.,
a Foreign corporation,

      Defendant.
_____/

## **COMPLAINT**

Plaintiff, by and through her undersigned counsel, sues the Defendant, FIESTA RESTAURANT GROUP, INC., (hereinafter, "Company"), and alleges as follows:

1.     Plaintiff, a former employee of Defendant, brings this action to recover compensation and other relief under the Fair Labor Standards Act, as amended (the "FLSA"), 29 U.S.C. § 201 et seq.

2.     Jurisdiction is conferred on this Court by 29 U.S.C. § 216(b).

3.     The unlawful employment practices alleged herein occurred and/or were committed within this judicial district.

4.     At all times material hereto, Plaintiff is/was a resident of this judicial district, an employee of the Defendant, sui juris and otherwise within the jurisdiction of this Court.

5.     At all times material hereto, Defendant was the employer or former employer of the Plaintiff and is conducting business in this judicial district and is otherwise 'employer' under the FLSA.

6.      Defendant has been at all times material engaged in interstate commerce, and Defendants' annual gross revenues derived from this interstate commerce, upon information and belief, are in excess of $500,000.00 for the relevant time period.[1]

7.      The Plaintiff was hired as a non-exempt employee by the Defendant.

8.      During her employment, the Defendant however had Plaintiff, a non-exempt employee under the FLSA, work in excess of forty (40) hours per work week, but willfully refused to properly compensate Plaintiff for such work in violation of the FLSA.

9.      Specifically, Plaintiff was being paid 5 hours of overtime per week in cash without overtime premiums.

10.     As a result, taking her 5 hours per week at the premium overtime rate of $6.00 ($12.00 per hour x .5), Plaintiff is owed $30.00 per week.

11.     Annually, Plaintiff is owed approximately $1,500.00

12.     All records concerning the number of hours actually worked by Plaintiff are presumably in the exclusive possession and sole custody and control of the Defendant, and therefore, Plaintiff is unable to state at this time the exact amount due.

---

1 A Plaintiff "need not know for certain, nor prove, that [defendant] has annual gross revenues exceeding $500,000 at the pleading stage, especially since that information is likely in Defendants' hands, not his." Ceant v. Aventura Limousine, Inc., 874 F. Supp. 2d 1373, 1378–79 (S.D. Fla. 2012); see Daniel v. Pizza Zone, Inc., 2008 WL 793660, at *2 (M.D.Fla. 2008) ("bare bones allegations" of gross sales are acceptable; requiring more would only encourage "gross speculation" from the plaintiff and would "not provide the defendant with meaningful information because the defendant already has [ ] such information") (citation omitted). Pleading that a defendant's "gross annual revenues meet this threshold on 'information and belief,'…is enough." Id.; Dobbins v. Scriptfleet, Inc., 2012 WL 601145, at *2 (M.D.Fla. 2012) (allegation, on information and belief, that defendants' annual gross sales exceeded $500,000 was sufficient to withstand dismissal); Roberts, 2010 WL 114001, at *3 (allegation that plaintiff "was of the belief that [defendant] grossed in excess of $500,000 annually" was sufficient to withstand dismissal); cf. Vierra v. Sage Dining Servs., Inc., 2010 WL 4867557, at *3 (M.D.Fla. 2010) ("[Plaintiff] failed to allege that it is her belief that [defendant] grossed an annual volume of at least $500,000.").

13.     Plaintiff, however, will exert diligent efforts to obtain such information by appropriate discovery proceedings, to be taken promptly in this case, and if required, an amendment to this Complaint will be submitted to set forth an amount due by the Plaintiff.

## COUNT I
## FLSA - COMPANY

Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 13 above.

14.     Plaintiff is entitled to time and one half for each hour worked in excess of forty (40) hours per work week pursuant to the FLSA.

15.     By reason of the intentional, willful and unlawful acts of the Company in violation of the FLSA, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff demands judgment against the Company for all damages and relief under the FLSA, including liquidated damages (and/or pre-judgment interest), attorneys' fees, costs and expenses, in addition to all other relief this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all counts.

3

Dated: July 15, 2022.        Respectfully submitted,

Law Offices of Levy & Levy, P.A.
1000 Sawgrass Corporate Parkway, Suite 588
Sunrise, Florida 33323
Telephone: (954) 763-5722
Facsimile: (954) 763-5723
*Counsel for Plaintiff*

*/s/ Chad Levy*
CHAD E. LEVY, ESQ.
chad@levylevylaw.com
Secondary: assistant@levylevylaw.com
F.B.N.: 0851701
DAVID M. COZAD, ESQ.
david@levylevylaw.com
F.B.N.: 333920